```
BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
JENA A. MACCABE (Cal. Bar No. 316637)
Assistant United States Attorneys
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6495/5046
     Facsimile: (213) 894-0141
     E-mail:    kevin.butler2@usdoj.gov
                jena.maccabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PABLO RAUL LUGO LARROIG,<br>　aka "Walter Loza," and<br>JESON NELON PRESILLA FLORES,<br><br>　　　　Defendants. | No. 5:25-cr-00198-KK-3, 6<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:**　08-11-25<br>**PROPOSED TRIAL DATE:**　02-23-26 |

　　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kevin J. Butler and Jena A. MacCabe, and defendants PABLO RAUL LUGO LARROIG and JESON NELON PRESILLA FLORES ("defendant"), both individually and by and through their counsel of record, Deputy Federal Public Defender Young Kim and John Robertson, respectively, hereby stipulate as follows:

　　　　1.　　The Indictment in this case was filed on June 11, 2025. Defendants first appeared before a judicial officer of the court in

which the charges in this case were pending on June 17, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before August 26, 2025. All other defendants are fugitives.

2.   On June 17, 2025, the Court set a trial date of August 11, 2025, and a pretrial conference and motion hearing on July 24, 2025, at 1:30 p.m.

3.   Defendants are detained pending trial. The parties estimate that the trial in this matter will last approximately six days. All defendants are joined for trial and a severance has not been granted.

4.   By this stipulation, defendant moves to continue the trial date to February 23, 2026, and the pretrial conference and motion hearing to February 5, 2026, at 1:30 p.m. This is the first request for a continuance.

5.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a.   Defendants are charged with violations of 18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1951(a): Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce by Robbery; 18 U.S.C. § 659: Theft from Interstate or Foreign Shipment. The government has produced discovery to the defense, including law enforcement reports, investigative process and returns, videos, photographs, license plate reader information, cell-site location information, and criminal history information for a total of 4,491 bates numbers.

    b. Defense counsel for defendant LUGO is presently scheduled to be in the following trials: (1) on July 22, 2025, in United States v. Jaimes, ED CR 23-199-JGB, a kidnapping case, trial is expected to last three to four days, where defendant is in custody and arraigned October 17, 2023, with three continuances granted; (2) on July 28, 2025, in United States v. De La Cruz Reyes, ED CR 24-00269-SSS, a production of child pornography case, where trial is expected to last four to five days and defendant is in custody and arraigned November 24, 2024 with one continuance granted; (3) on August 18, 2025, in United States v. Adams, ED CR 24-00047-KK, a drug trafficking case, where trial is expected to last two to three days and defendant is out on bond and arraigned March 8, 2024, with three continuances granted; (4) on September 8, 2025 in United States v. Ica, 25-CR-156-JGB, a fraud case, trial is expected to last five days, where defendant is in custody and arraigned on May 21, 2025, with one continuance granted; (5) on September 8, 2025, in United States v. Villa, ED CR 24-125-KK, a felon in possession of a firearm case, trial is expected to last three days, where defendant is in custody and arraigned October 23, 2024, with three continuances granted; (6) on September 30, 2025, in United States v. Davis, ED CR 22-166-JGB, a drug trafficking case, trial is expected to last three days, where defendant is in custody and arraigned February 2, 2024, with three continuances granted; (7) on November 4, 2025, in United States v. Gonzalez, ED CR 22-00014-JGB, a drug trafficking case, where trial is expected to last three days and defendant is in custody and arraigned March 13, 2024, with two continuances granted; (8) on November 10, 2025, in United States v. Ruiz-Medina, ED CR 24-216-SSS, a drug trafficking case, where trial is expected to last two

to three days and defendant is in custody and arraigned September 9, 2024, with three continuances granted; (9) on November 18, 2025, in United States v. Cabrera, ED CR 24-215-JGB, a bank fraud case, trial is expected to last four to five days, where defendant is out on bond and arraigned September 24, 2024, with two continuance granted; (10) on December 9, 2025, in United States v. Jimenez-Ibanez, ED CR 25-00217-AH, an illegal reentry case, where trial is expected to last three days and defendant is in custody and arraigned April 3, 2025 with one continuance granted; (11) on January 27, 2026, in United States v. Chavarria-Bucio, ED CR 25-00104-JLS, an illegal reentry case, where trial is expected to last three days and defendant is in custody and arraigned April 8, 2025 with one continuance granted; and (12) on April 13, 2026 in United States v. Sergio Miranda-Madrigal, 23-CR-129-JGB, a capital murder case, trial is expected to last five days, where defendant is in custody and arraigned on July 25, 2023, with three prior continuances granted.  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

        c.   Defense counsel for defendant PRESILLA is presently scheduled to be in the following trials: (1) United States v. Wu, 2:24-cr-00115-DOC, in the Central District of California, a money laundering and narcotics distribution case, which is currently set for trial on January 13, 2026, and has had 3 prior continuances. The case is complex, and there is no likelihood of further continuance on this matter and therefore it is likely that the trial will proceed on the scheduled date. If the case proceeds to trial, it is estimated to last 3 weeks; (2) United States v. Jaramillo, 2:23-cr-00411(A)-HDV, in the Central District of California, a racketeering conspiracy case

4

and a case involving violent acts in aid of racketeering, which is currently set for trial on March 10, 2026, and has had 2 prior continuances. This is a complex case, and negotiations are taking place to resolve the matter. At this time Defense Counsel does not anticipate requesting a future continuance, and there is a strong likelihood that the matter be resolved without a trial. However, if this case proceeds to trial, it is estimated to last 30 days; (3) United States v. Romero, 2:24-cr-00381-MRA, in the Central District of California, a narcotics distribution case, which is currently set for trial on August 18, 2025, and has had 3 prior continuances. Since the case is not complex, Defense Counsel does not think that a future continuance will be requested, and there is a significant likelihood that the case will be resolved by the trial date. However, if this case proceeds to trial, it is estimated to last 3 days; (4) United States v. Henley, 2:25-cr-00211-FLA, in the Central District of California, a case involving the transportation of an individual across state borders for purposes of prostitution, which is currently set for trial on May 5, 2026, and has had 1 prior continuance, and Defense Counsel is preparing for trial by reviewing voluminous discovery materials recently disclosed. If the case is not resolved, trial is estimated to last 12 days; (5) United States v. Maea, 2:23-cr-563-MWF, in the Central District of California, a case involving interfering with commerce by robbery, which is currently set for trial on October 7, 2025, and has had three prior continuances, a plea agreement has been filed and so trial preparation is on hold; however, if the case proceeds to trial, it is estimated to last 5 days; and (6) United States v. Artuni, 2:25-cr-434-JLS, in the Central District of California, a racketeering case

5

1  that involved engaging in acts of murder, theft from interstate
2  shipments, bank and wire fraud, and forgery and false use of a
3  passport, which is currently set for trial on July 29, 2025, and has
4  had no prior continuances, and Defense Counsel is preparing for trial
5  by reviewing discovery materials that have been recently disclosed.
6  If the case is not resolved, trial is estimated to last 15 days.
7  Accordingly, counsel represents that he will not have the time that
8  he believes is necessary to prepare to try this case on the current
9  trial date.
10          d.   In light of the foregoing, counsel for defendants also
11 represent that additional time is necessary to confer with
12 defendants, conduct and complete an independent investigation of the
13 case, conduct and complete additional legal research including for
14 potential pre-trial motions, review the discovery and potential
15 evidence in the case, and prepare for trial in the event that a
16 pretrial resolution does not occur.  Defense counsel represent that
17 failure to grant the continuance would deny them reasonable time
18 necessary for effective preparation, taking into account the exercise
19 of due diligence.
20          e.   Defendants believe that failure to grant the
21 continuance will deny them continuity of counsel and adequate
22 representation.
23          f.   The government does not object to the continuance.
24          g.   The requested continuance is not based on congestion
25 of the Court's calendar, lack of diligent preparation on the part of
26 the attorney for the government or the defense, or failure on the
27 part of the attorney for the Government to obtain available
28 witnesses.

6.  For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of August 11, 2025, to February 23, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//
//

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

    IT IS SO STIPULATED.

Dated: July 21, 2025           Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

      /s/
KEVIN J. BUTLER
JENA A. MACCABE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am PABLO RAUL LUGO LARROIG's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than February 23, 2026, is an informed and voluntary one.

_____     7/17/25
YOUNG KIM                            Date
Deputy Federal Public Defender
Attorney for Defendant
PABLO RAUL LUGO LARROIG

I have read this stipulation and have carefully discussed it with my attorney. This agreement has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than February 23, 2026.

Pablo R. Lugo Larroig                 7/17/25
PABLO RAUL LUGO LARROIG              Date
Defendant

**CERTIFICATION OF INTERPRETER**

I, ___Carina Arroh___, am fluent in the written and spoken English and Spanish languages. I accurately Sight translated this entire agreement from English into Spanish to defendant PABLO RAUL LUGO LARROIG on this date.

_____     7/17/25
INTERPRETER                          Date

9

1  I am JESON NELON PRESILLA FLORES's attorney. I have carefully
2  discussed every part of this stipulation and the continuance of the
3  trial date with my client. I have fully informed my client of his
4  Speedy Trial rights. To my knowledge, my client understands those
5  rights and agrees to waive them. I believe that my client's decision
6  to give up the right to be brought to trial earlier than February 23,
7  2026, is an informed and voluntary one.

_____   2/22/25_____
JOHN ROBERTSON                       Date
Attorney for Defendant
JESON NELON PRESILLA FLORES

12  I have read this stipulation and have carefully discussed it
13  with my attorney. This agreement has been read to me in Spanish, the
14  language I understand best, and I have carefully discussed every part
15  of it with my attorney. I understand my Speedy Trial rights. I
16  voluntarily agree to the continuance of the trial date, and give up
17  my right to be brought to trial earlier than February 23, 2026.

_____   07/21/25_____
JESON NELON PRESILLA FLORES          Date
Defendant

**CERTIFICATION OF INTERPRETER**

I, _Madeline Newman Rios_, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant JESON NELON PRESILLA FLORES on this date.

_Madeline Newman Rios_____   07/21/25_____
INTERPRETER                              Date

10