JOHN D. ROBERTSON (SBN. 72400)
LAW OFFICES OF JOHN D. ROBERTSON
1021 S. Union Ave.
Los Angeles, CA 90015
Tel:   (213) 482-8893
Fax:   (213) 482-5002
Email:  jdrlaw@hotmail.com

Attorney for Defendant,
JESON NELON PRESILLA FLORES, #6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                Plaintiff,<br><br>        vs.<br><br>**MESTANZA CERCADO, et. al**<br><br>**JESON NELON PRESILLA FLORES, #6**<br><br>                Defendant. | Case No.  5:25-cr-198-KK-6<br><br>**STIPULATION FOR SETTING OF BOND AND CONDITIONS OF RELEASE FOR DEFENDANT JESON NELON PRESILLA FLORES** |

   COMES NOW, the parties hereto, Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kevin Butler and Jena MacCabe, and Defendant Jeson Nelon Presilla Flores, by and through his counsel of record, John D. Robertson, and hereby stipulate that Defendant Jeson Nelon Presilla Flores shall be released and admitted bail upon the following terms and conditions.

   1.   Appearance bond in the total amount of $65,000, with (a) an affidavit of surety with justification in the amount of $50,000 signed by Defendant's mother, Emma Mireya Flores, and with full deeding of property located at 1340 W 8th Street

#52, Upland, CA 91786, and (b) an affidavit of surety without justification in the amount of $15,000 signed by Defendant's employer, Mkrtich Tamrazyan.

2.  Forthwith release to pretrial ONLY (subject to the condition set forth in paragraph 4, herein) upon the Court's signing of this Order setting bond and conditions of release. Defendant must sign and submit a bond form, as well as the posting of the affidavit of surety without justification in the amount of $15,000 signed by Mkrtich Tamrazyan within 48 hours of his release from custody. All other conditions of bond must be met and posted within 14 days of date of Court's order setting bail.

3.  Defendant will be subject to the following general conditions of release:

  a)  defendant will appear in person in accordance with any and all directions and orders relating to defendant's appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which defendant may be removed or to which the case may be transferred.

  b)  defendant will abide by any judgment entered in this matter by surrendering himself to serve any sentence imposed and obey any order or direction in connection with such judgment as the Court may prescribe.

  c)  defendant will immediately inform defense counsel of any change in his contact information, including his residence address and telephone number, so that he may be reached at all times.

  d)  defendant will not commit a federal, state, or local crime during the period of release.

  e)  defendant will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, defendant will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. Defendant understands that if he does so, he may be subject to further prosecution under the applicable statutes.

    f)    defendant will cooperate in the collection of a DNA sample under 42 U.S.C. 4 14135a.

4. In addition to the general conditions of release set forth above, the following conditions will be imposed upon Defendant:

    a)    defendant will submit to United States Probation and Pre-trial Services Agency ("PSA" or "supervising agency") supervision as directed by PSA;

    b)    defendant will surrender all passports and travel documents to supervising agency, sign a Declaration re Passport and other travel documents (Form CR-37), and will not apply for a passport or other travel documents during the pendency of this case;

    c)    defendant's travel will be restricted to Central District of California unless prior permission is granted by supervising agency to travel to other locations; Court permission is required for international travel as well as for any domestic travel if the Defendant is in a Location Monitoring Program or as otherwise provided for below;

    d)    defendant will reside as approved by supervising agency and will not relocate without prior permission from supervising agency;

    e)    defendant will maintain or actively seek employment and provide proof to supervising agency, unless excused by supervising agency for schooling, training, or other reasons approved by supervising agency; employment to be approved by supervising agency;

    f)    defendant will avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or witness in the subject investigation or prosecution;

    g)    defendant will avoid all contact, directly or indirectly (including by any electronic means), with any known co-defendants except in the presence of counsel;

    h)    defendant will participate in the location monitoring program and abide by all requirements of the program, under the direction of supervising agency, which

will include a location monitoring ankle monitor with Global Positioning System (GPS), and will pay all or part of the costs of the program based upon defendant's ability to pay as determined by supervising agency and be responsible for any lost or damages equipment; and

    i)    defendant will be restricted to home detention, which requires Defendant to remain at home at all times except for employment, education, religious services, medical needs or treatment, attorney visits, court appearances and obligations, and essential needs, all of which must be preapproved by the supervising agency.

5.    A copy of this Order shall be transmitted to the U.S. Marshalls by the Clerk of this Court for release of Defendant.

//

**IT IS SO STIPULATED.**

Date: July 29, 2025            */S/ John D. Robertson*
JOHN D. ROBERTSON, ESQ.
Attorney for Defendant
Jeson Nelon Presilla Flores

Date: July 29, 2025            */S/ Jena MacCabe*
KEVIN BUTLER, ESQ.
JENA MACCABE, ESQ.
Attorney for Plaintiff
United States of America
(With Authorization)