| NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S) | |
|---|---|
| John D. Robertson (SBN 72400) <br> Law Offices of John D. Robertson, APC <br> 1021 S. Union Ave., LA, CA 90015 <br> jdrlaw@hotmail.com <br> Phone: (213) 482-8893; Fax: (213) 482-5002 | |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, <br>                               PLAINTIFF <br> v. <br> Carlos Victor Mestanza Cercado, et al <br> Jeson Nelon Presilla Flores (Defendant No. 6) <br><br>                              DEFENDANT. | CASE NUMBER <br><br> 5:25-CR-00198-KK-6 <br><br> **APPLICATION FOR REVIEW OR RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE OR DETENTION (18 U.S.C. §3142) AND REQUEST FOR HEARING** |

Application is made by ☐ plaintiff ☑ defendant <u>Jeson Nelon Presilla Flores</u>
that a hearing be held to review /reconsider the decision of

☐ United States District Judge _____ by order dated: _____
or
☑ Magistrate Judge <u>Jean P. Rosenbluth</u> _____ by order dated: <u>8/5/25</u>

    ☐ denying release and imposing detention under subsection ☐ (d) or ☐ (e) of Title 18 U.S.C. §3142; or
    ☑ ordering release upon certain conditions, or
    ☐ denying detention.

    ☑ A hearing is being sought before Magistrate Judge <u>Jean P. Rosenbluth</u> as there is new information to be presented that was not considered by the previous judicial officer; or

    ☐ A hearing is being sought before a District Judge to review all information presented to and considered by the previous judicial officer (to be presented to Criminal Duty District Judge if case is unassigned).

Relief sought *(be specific)*:

(See Attached Memorandum)

Counsel for the defendant and plaintiff United States Government consulted on _____
and opposing counsel declines to stipulate to an order providing the relief sought.

☑   Telephonic notice given to   ☑ AUSA   ☐ Defendant's Counsel   ☑ PSA   ☐ Interpreter   ☐ USM   ☐ Probation
on <u>August 13, 2025</u>.

An interpreter is  ☑ required  ☐ not required. Language  <u>Spanish</u>
Defendant is  ☑ in custody  ☐ not in custody.

| August 13, 2025 | Defendant |
|---|---|
| Date | Moving Party |

**APPLICATION FOR REVIEW OR RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE/DETENTION, (18 U.S.C. §3142) AND REQUEST FOR HEARING**

CR-88 (09/24)

## Memorandum

The relief now sought by Defendant is release upon a total appearance bond of $275,000, comprised of $75,000 secured bond (property posted by Defendant's mother), together with new and additional unsecured sureties totaling $200,000, in place and stead of, the previously ordered unsecured surety from Mkrtich Tamrazyan.

At the previous detention hearing on August 5, 2025, all parties, including Pretrial Services as well as the United States Attorney's Office, agreed that a bail should be set, and agreed upon the terms and conditions. The Court agreed that Defendant should be released on certain bond and conditions, but declined to order a forthwith release and also expressed concern about the amount of the agreed upon unsecured surety affidavit ($15,000) from Mkrtich Tamrazyan. Tamrazyan had indicated in open Court that he would be willing to post an amount of up to $100,000, and when the Court inquired as to whether he would be willing to post $200,000, he nodded in the affirmative indicating that he would do so. After the conclusion of the Court hearing, Tamrazyan has now informed Defense Counsel that he is now declining to serve as an unsecured surety and complete the execution of the affidavit, despite his indicating in Court that he would do so.

As a result of Tamrazyan's declining to follow through on the execution of the unsecured affidavit despite his agreement to do so, Defendant now requests that the Court set the existing bond with all the same terms and conditions, except to modify the bond to allow posting (instead of the Tamrazyan affidavit) of unsecured affidavits of surety in the amount of $50,000 by Mirian Cantillano, a long time family friend of Defendant and his family, as well as by Maricely Garcia Osorio, the former wife of Defendant, in the amount of $100,000, and by Jason Omar Precilla Garcia, the son of Defendant, in the amount of $50,000.