BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
Acting Chief, Major Crimes Section
JENA A. MACCABE (Cal. Bar No. 316637)
Acting Deputy Chief, Major Crimes Section
Assistant United States Attorneys
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6495/5046
    Facsimile: (213) 894-0141
    E-mail:   kevin.butler2@usdoj.gov
                jena.maccabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>CARLOS VICTOR MESTANZA CERCADO,<br>JAZAEL PADILLA RESTO,<br>  aka "Ricardo Noel Moya,"<br>  aka "Ricardo Barbosa,"<br>  aka "Alberto Javier Loza<br>Chamorro,"<br><br>        Defendants. | No. 5:25-cr-00198-KK-1, 2<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATES:**  09-22-25<br>                             09-29-25<br><br>**PROPOSED TRIAL DATE:**  02-23-26 |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kevin J. Butler and Jena A. MacCabe, and defendants CARLOS VICTOR MESTANZA CERCADO ("defendant MESTANZA") and JAZAEL PADILLA RESTO, also known as "Ricardo Noel Moya," "Ricardo Barbosa," and "Alberto Javier Loza Chamorro," ("defendant PADILLA," and together with defendant

MESTANZA, "defendants"),[1] both individually and by and through their counsel of record, Adam Axelrad and Elon Berk, respectively, hereby stipulate as follows:

1. The Indictment in this case was filed on June 11, 2025. Defendant PADILLA first appeared before a judicial officer of the court in which the charges in this case were pending on July 28, 2025. Defendant MESTANZA first appeared before a judicial officer of the court in which the charges in this case were pending on August 6, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 6, 2025, for defendant PADILLA and on or before October 15, 2025, for defendant MESTANZA. All other co-defendants either are already pending trial on February 23, 2026, or are fugitives.

2. On July 28, 2025, the Court set a trial date of September 22, 2025, and a pretrial conference and motion hearing on September 4, 2025, at 1:30 p.m. for defendant PADILLA. On August 6, 2025, the Court set a trial date of September 29, 2025, and a pretrial conference and motion hearing on September 11, 2025, at 1:30 p.m. for defendant MESTANZA.

3. Defendants are detained pending trial. The parties estimate that the trial in this matter will last approximately six days. All defendants are joined for trial and a severance has not been granted.

---

[1] Co-defendants PABLO RAUL LUGO LARROIG and JESON NELON PRESILLA FLORES already have their trial date set for February 23, 2026. The other co-defendants have not yet appeared in this case. Accordingly, this stipulation involves only defendant MESTANZA and defendant PADILLA.

2

1        4.   By this stipulation, defendants move to continue the trial
2   date to February 23, 2026, and the pretrial conference and motion
3   hearing to February 5, 2026, at 1:30 p.m.  This is the first request
4   for a continuance.
5        5.   Defendants request the continuance based upon the following
6   facts, which the parties believe demonstrate good cause to support
7   the appropriate findings under the Speedy Trial Act:
8             a.   Defendants are charged with violations of 18 U.S.C.
9   § 371: Conspiracy; 18 U.S.C. § 1951(a): Conspiracy to Interfere with
10  Commerce by Robbery and Interference with Commerce by Robbery; 18
11  U.S.C. § 659: Theft from Interstate or Foreign Shipment.  The
12  government has produced discovery to the defense, including law
13  enforcement reports, investigative process and returns, videos,
14  photographs, license plate reader information, cell-site location
15  information, and criminal history information for a total of 4,491
16  bates numbers.
17            b.   Defense counsel have the conflicts listed in Appendix
18  A.  Accordingly, counsel represent that they will not have the time
19  that they believe is necessary to prepare to try this case on the
20  current trial date.
21            c.   In light of the foregoing, counsel for defendants also
22  represent that additional time is necessary to confer with
23  defendants, conduct and complete an independent investigation of the
24  case, conduct and complete additional legal research including for
25  potential pre-trial motions, review the discovery and potential
26  evidence in the case, and prepare for trial in the event that a
27  pretrial resolution does not occur.  Defense counsel represent that
28  failure to grant the continuance would deny them reasonable time

3

necessary for effective preparation, taking into account the exercise of due diligence.

      d.    Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

      e.    The government does not object to the continuance.

      f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of September 22, 2025, for defendant PADILLA and September 29, 2025, for defendant MESTANZA to February 23, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 16, 2025         Respectfully submitted,

                               BILAL A. ESSAYLI
                               Acting United States Attorney

                               CHRISTINA T. SHAY
                               Assistant United States Attorney
                               Chief, Criminal Division


                                       /s/
                               _____
                               KEVIN J. BUTLER
                               JENA A. MACCABE
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

I am CARLOS VICTOR MESTANZA CERCADO's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than February 23, 2026, is an informed and voluntary one.

_____   8-22-25
ADAM AXELRAD                     Date
Attorney for Defendant
CARLOS VICTOR MESTANZA CERCADO

I have read this stipulation and have carefully discussed it with my attorney. This agreement has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than February 23, 2026.

_____   8-22-25
CARLOS VICTOR MESTANZA CERCADO   Date
Defendant

**CERTIFICATION OF INTERPRETER**

I, _Esteb. Mell_, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant CARLOS VICTOR MESTANZA CERCADO on this date.

_____   8·22·25
INTERPRETER                      Date

6

1    I am JAZAEL PADILLA RESTO's, also known as "Ricardo Noel Moya,"
2  "Ricardo Barbosa," and "Alberto Javier Loza Chamorro," attorney. I
3  have carefully discussed every part of this stipulation and the
4  continuance of the trial date with my client. I have fully informed
5  my client of his Speedy Trial rights. To my knowledge, my client
6  understands those rights and agrees to waive them. I believe that my
7  client's decision to give up the right to be brought to trial earlier
8  than February 23, 2026, is an informed and voluntary one.

9  _____        8/28/25
10 ELON BERK                              Date
   Attorney for Defendant
11 JAZAEL PADILLA RESTO, aka
   "Ricardo Noel Moya," "Ricardo
12 Barbosa," and "Alberto Javier
   Loza Chamorro"
13

14   I have read this stipulation and have carefully discussed it
15 with my attorney. This agreement has been read to me in Spanish, the
16 language I understand best, and I have carefully discussed every part
17 of it with my attorney. I understand my Speedy Trial rights. I
18 voluntarily agree to the continuance of the trial date, and give up
19 my right to be brought to trial earlier than February 23, 2026.

20 _____        8/28/25
21 JAZAEL PADILLA RESTO, aka              Date
   "Ricardo Noel Moya," "Ricardo
22 Barbosa," and "Alberto Javier
   Loza Chamorro"
23 Defendant

24

25                    **CERTIFICATION OF INTERPRETER**

26   I, _Christopher Troxell_, am fluent in the written and
27 spoken English and Spanish languages. I accurately translated this
28 entire agreement from English into Spanish to defendant JAZAEL

                                 7

1  PADILLA RESTO, also known as "Ricardo Noel Moya," "Ricardo Barbosa,"
2  and "Alberto Javier Loza Chamorro," on this date.

_____          8-28-25
INTERPRETER                              Date
#103699

8