BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
Acting Chief, Major Crimes Section
JENA A. MACCABE (Cal. Bar No. 316637)
Acting Deputy Chief, Major Crimes Section
Assistant United States Attorneys
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6495/5046
     Facsimile: (213) 894-0141
     E-mail:    kevin.butler2@usdoj.gov
                jena.maccabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 5:25-cr-00198-KK-5 |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JORGE ENRIQUE ALBAN, | |
| Defendant. | **CURRENT TRIAL DATE:** 10-20-25 |
| | **PROPOSED TRIAL DATE:** 02-23-26 |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kevin J. Butler and Jena A. MacCabe, and defendant JORGE ENRIQUE ALBAN

("defendant"),[1] both individually and by and through his counsel of record, Robert Bernstein, hereby stipulate as follows:

1. The Indictment in this case was filed on June 11, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on August 29, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before November 7, 2025, for defendant. All other co-defendants either are already pending trial on February 23, 2026, or are fugitives.

2. On August 29, 2025, the Court set a trial date of October 20, 2025, and a pretrial conference and motion hearing on October 2, 2025, at 1:30 p.m.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately six days. All defendants are joined for trial and a severance has not been granted.

4. By this stipulation, defendant moves to continue the trial date to February 23, 2026, and the pretrial conference and motion hearing to February 5, 2026, at 1:30 p.m. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

---

[1] Co-defendants CARLOS VICTOR MESTANZA CERCADO, JAZAEL PADILLA RESTO, PABLO RAUL LUGO LARROIG, and JESON NELON PRESILLA FLORES already have their trial date set for February 23, 2026. The other co-defendants have not yet appeared in this case. Accordingly, this stipulation involves only this defendant.

        a.    Defendant is charged with violations of 18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1951(a): Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce by Robbery; 18 U.S.C. § 659: Theft from Interstate or Foreign Shipment.  The government has produced discovery to the defense, including law enforcement reports, investigative process and returns, videos, photographs, license plate reader information, cell-site location information, and criminal history information for a total of 4,491 bates numbers.

        b.    Defense counsel is presently scheduled to be in the following trials: <u>USA v. Alonso</u>, Case 22-cr-312-MWF, drug conspiracy and money laundering case, 1-week trial, trial date 10/21/25; <u>USA v. Lincon-Robles</u>, Case 23-cr-524-DMG, drug conspiracy and money laundering case, 1-week trial, trial date 10/21/25 (stipulation to continue pending); and <u>USA v. Amoako</u>, Case 25-cr-651-JFW, RICO sex trafficking, 8 defendants, 3-week trial, trial date 10/7/25 (stipulation to continue pending).  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

        c.    In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time

necessary for effective preparation, taking into account the exercise of due diligence.

      d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      e.   The government does not object to the continuance.

      f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 20, 2025, to February 23, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time

periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 19, 2025				Respectfully submitted,

						BILAL A. ESSAYLI
						Acting United States Attorney

						JOSEPH T. MCNALLY
						Assistant United States Attorney
						Acting Chief, Criminal Division


						_____/s/_____
						KEVIN J. BUTLER
						JENA A. MACCABE
						Assistant United States Attorneys

						Attorneys for Plaintiff
						UNITED STATES OF AMERICA

1 | I am JORGE ENRIQUE ALBAN's attorney. I have carefully discussed
2 | every part of this stipulation and the continuance of the trial date
3 | with my client. I have fully informed my client of his Speedy Trial
4 | rights. To my knowledge, my client understands those rights and
5 | agrees to waive them. I believe that my client's decision to give up
6 | the right to be brought to trial earlier than February 23, 2026, is
7 | an informed and voluntary one.

_____    9/15/25
ROBERT BERNSTEIN                Date
Attorney for Defendant
JORGE ENRIQUE ALBAN

12 | I have read this stipulation and have carefully discussed it
13 | with my attorney. I understand my Speedy Trial rights. I
14 | voluntarily agree to the continuance of the trial date, and give up
15 | my right to be brought to trial earlier than February 23, 2026.

_____    9/15/25
JORGE ENRIQUE ALBAN             Date
Defendant