JOHN D. ROBERTSON (SBN. 72400)
LAW OFFICES OF JOHN D. ROBERTSON, APC
1021 S. Union Ave.
Los Angeles, CA 90015
Tel:   (213) 482-8893
Fax:   (213) 482-5002
Email:  jdrlaw@hotmail.com

Attorney for Defendant,
JESON NELON PRESILLA FLORES, Def # 6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      vs.<br><br>MESTANZA CERCADO, et. al<br><br>JESON NELON PRESILLA FLORES, #6<br><br>            Defendant. | Case No.  5:CR 25-198-KK-(6)<br><br>**NOTICE OF MOTION AND MOTION TO (1) DISMISS INDICTMENT WITH PREJUDICE AND (2) FOR AN ORDER EXONERATING BOND; MEMORANDUM OF POINTS AND AUTHORITES; DECLARATION OF JOHN D. ROBERTSON IN SUPPORT THEREOF; [PROPOSED] ORDER**<br><br>**DATE: February 5, 2026**<br>**TIME: 1:30pm**<br>**COURTROOM: 3**<br><br>**BEFORE THE HONORABLE KIYA KATO UNITED STATES DISTRICT COURT JUDGE** |

**TO:  The Honorable Kiya Kato United States District Judge; and to the Assistant United States Attorney's Office and/or representatives thereof:**

1

1  **PLEASE TAKE NOTICE** that on February 5, 2026, at 1:30 p.m., or as soon
2  thereafter as the matter may be heard, in Courtroom 3 of the George E. Brown, Jr.
3  Federal Building and United States Courthouse located at 3470 Twelfth Street,
4  Riverside, CA 92501-3801, Defendant Jeson Nelon Presilla Flores, will move to
5  dismiss the Indictment against him with prejudice, and for an Order exonerating bond.
6      This Motion will be based on this Notice, on the fact Defendant, who has been
7  held in custody for months despite this Court's Order releasing him on bail, has now
8  been deported and removed from the United States by the Government, outside of the
9  Court's jurisdiction; and further on the bases as set forth in the attached
10 Memorandum, and accompanying Declaration of John D. Robertson, Esq.
11     Leave is also requested to Supplement this Motion with such additional Points
12 and Authorities as shall become appropriate prior to the hearing on this Motion.

Date: January 9, 2026

Respectfully submitted,

*/S/ John D. Robertson*
JOHN D. ROBERTSON, ESQ.
Attorney for Defendant
Jeson Nelon Presilla Flores

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

On June 11, 2025, Defendant JESON NELON PRESILLA FLORES ("Defendant Flores") was indicted by a Grand Jury on a charge of violation of 18 U.S.C. §:371 Conspiracy, and 18 U.S. C. §659, Theft from Interstate or Foreign Shipment.

On or about July 30, 2025, after extensive negotiation and preparation of a proposed package for the posting of both secured and unsecured bond, an agreement was reached with the Government for Defendant Flores's release on bail and presented to the Court at a scheduled bail release hearing on August 21, 2025. The Court set the requested bond. Defendant Flores, then, after securing the bond and submitting the necessary paperwork as approved by the Government, posted bond and was finally ordered released by the Court under the Bail Reform Act, after having been detained in custody several weeks.

However, contrary to this Court's Order, immediately upon Defendant's compliance with this Court's Order setting bond, Defendant Flores, a permanent lawful resident of the United States residing in the Central District of California for 25 years, was NOT released on the posted bond, but was transferred by the Government to Immigration and Customs Enforcement ("ICE") custody, in derogation of this Court's Order granting Defendant's release on bond, and contrary to the Government's previously stated position on Defendant's release.[1] Defendant Flores

---

[1] As the case has since progressed, Defendant Flores, who is indigent, was unable to retain immigration counsel, and sat in ICE custody, creating enormous problems for court-appointed Defense counsel to communicate with Defendant Flores and prepare for trial. Defense counsel had in fact been preparing to file a Motion to Dismiss the Indictment on Due Process grounds and 6th Amendment violations, among others, occasioned by his transfer to ICE custody, when Counsel just learned now that

was deported to Ecuador on or about December 29, 2025 (See attached Declaration of John D. Robertson.)

## II. ARGUMENT

### A. THE COURT SHOULD DISMISS THE PENDING INDICTMENT AGAINST DEFENDANT FLORES WITH PREJUDICE, AND EXONERATE THE POSTED BOND

The transfer of Defendant Flores to ICE custody, particularly after the bail hearings and the posting of bail, frustrated and violated the Bail Reform Act and the Order of the Magistrate Judge, without Government objection, that Defendant Flores be released. Nevertheless, despite the Court's Order and with no argument from the Government, Defendant Flores was transferred to ICE custody almost immediately upon the posting of bail, and has now in fact been deported.

The Ninth Circuit has instructed that "[i]f the Government, by placing [a Defendant] in immigration detention or removing him, jeopardizes the District Court's ability to try him the District Court may craft an appropriate remedy" (*United States v. Santos Flores,* 794 F.3rd 1088, 1091 (9th Cir. 2015) (citing *United States v. Trujillo Alvarez*, 900 F Supp. 2nd 1167, 1179-81 (D. Or. 2012). The continued immigration detention of Defendant for purposes of his removal from the district, and now his actual removal from the district, have certainly jeopardized Defendant's federal statutory rights as they relate to his criminal prosecution. See *Trujillo Alvarez*, 900 F Supp. 2nd at 1180-81 (finding that ICE detention of criminal Defendant ordered released pretrial threatened Defendant's statutory rights under the Bail Reform Act).

The Government's actions here have been in defiance of the Court's Order for release, have been in total disregard of the Government's pending Indictment, have greatly impacted Defendant Flores's ability to prepare for trial and present a defense,

---

Defendant Flores has in fact been deported to Ecuador. Hence, the instant Motion instead.

arguably denying him Due Process and his 6th Amendment rights. The Government has now succeeded in at least one of its contradictory aims; i.e., Defendant Flores's permanent removal from the United States. The Government cannot now have it both ways, and the criminal Indictment should be dismissed with prejudice. This is a case where it appears the "Executive Branch chooses to forego criminal prosecution of [Defendant] on the pending charge… and deport him from the United States," in which case "there is nothing further for this Court to do." See *United States vs. Trujillo Alvarez*, 900 F Supp. 2nd at 1167, 1180 (D. Or. 2012).

As a consequence of Defendant Flores's deportation to Ecuador and the anticipated dismissal of this matter, his obligation to the Court secured by the bonds has ended and the bond should be exonerated and the property reconveyed.

### III. CONCLUSION

For the foregoing reasons, Defendant Flores respectfully requests dismissal of the Indictment, with prejudice, and an Order exonerating the bonds posted in support of his release.

Date: January 9, 2026

Respectfully submitted,
*/S/ John D. Robertson*
JOHN D. ROBERTSON, ESQ.
Attorney for Defendant
Jeson Nelon Presilla Flores

# DECLARATION OF JOHN D. ROBERTSON

I, John D. Robertson, do hereby declare and state as follows:

1. I, John D. Robertson, am the attorney appointed pursuant to the Criminal Justice Act to represent Defendant Jeson Nelon Presilla Flores in the case of United States v. Mestanza Cercado, et al, Case Number 5:25-CR-198-KK.

2. I make this declaration in support of a Notice of Motion and Motion to Dismiss the Indictment with Prejudice.

3. It has been extremely difficult to communicate with Defendant Flores and prepare his defense since his transfer to ICE Custody, in defiance of this Court's Orders releasing him on bail in connection with the pending Indictment, and my efforts to discuss the case with him and prepare his defense, as well as obtain his assistance in doing so, have been greatly impacted and seriously hampered as a result.

4. I was in fact in the process of preparing a Motion to Dismiss on various grounds as a result of his removal to ICE custody, when I just recently learned that Flores had, in fact, been ordered removed from the United States by the Government and now has in fact been deported to Ecuador, on or about December 29, 2025.

5. On January 8, 2026, I reached out to the Assistant United States Attorney assigned to this case to meet and confer in regards to their position with respect to this Motion. I have been informed by the Assistant United States Attorney that she was unaware of the situation, and she needed to review more information before taking any position on this Motion. Because of the requirements of Local Civil Rule 6-1 and this Court's Standing Criminal Case Order regarding the notice period before hearing on a criminal motion, I am submitting this motion at this time, in order so that it may be set for hearing on the Court's currently scheduled Pretrial Conference and Motion Hearing date.

//
//
//

//

//

I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge and belief.

Date: January 9, 2026                    */S/ John D. Robertson*_____

                                                    JOHN D. ROBERTSON, ESQ.
Attorney for Defendant
Jeson Nelon Presilla Flores