EXHIBIT 1

# *United States Probation & Pretrial Services*

United States District Court
Central District of California



Brian D. Karth
District Court Executive / Clerk of Court

Natasha Alexander-Mingo
Chief Probation & Pretrial Services Officer

## PRETRIAL SUPERVISION REPORT

**Date:** September 2, 2025
**Name of Defendant:** Jeson Nelon Presilla Flores
**Docket No.:** 5:25-CR-00198-KK-6
**Prepared For:** Honorable Kenly Kiya Kato
United States District Judge

The purpose of this report is to update the Court as to the defendant's custodial status following being ordered released on bond.

## COURT HISTORY

On June 17, 2025, the defendant made his initial appearance before United States Magistrate Judge Jean P. Rosenbluth on the charge of a violation of 18 U.S.C. § 371: Conspiracy; and 18 U.S.C. § 659: Theft from Interstate or Foreign Shipment. At that time, the defendant was ordered remanded pending further hearings.

On August 5, 2025, bond was set at $275,000 Appearance Bond. Bond to be posted no later than August 19, 2025.

On August 21, 2025, a bond hearing was held, and bond was set at $275,000 Appearance Bond with different assigned sureties.

The next Court date is set for February 23, 2026, for Trial.

## ADDITIONAL INFORMATION

Prior to being released on bond, the defendant was transferred to the custody of Immigration and Customs Enforcement on a detainer.

Violation Report                                                          September 2, 2025
Name of Defendant: Jeson Nelon Presilla Flores                           5:25-CR-00198-KK-6

---

Pretrial Services confirmed with the Immigration Custom Enforcement (ICE) database that the defendant is currently in ICE custody and is being housed at the Adelanto Detention Facility pending removal.

It should be noted, Pretrial Services did not have any contact with the defendant since ordered released on bond.

## RECOMMENDATION

Pretrial Services respectfully defers to the Court for any further action necessary in this matter.


Respectfully,

Natasha Alexander-Mingo
Chief Probation & Pretrial Services
Officer

Approved by:


_Merredith Gibson_
MERREDITH GIBSON
Supervisory U. S. Probation & Pretrial
Services Officer
Telephone No. 951-328-4496

Date:
2025.09.02
13:13:24 -07'00'

ABIGAIL ROCHA
U.S. Probation & Pretrial Services
Officer
Telephone No. 909-806-4952

---

**COURT'S RESPONSE:**        ☐ Approved        ☐ Disapproved

**COMMENTS**:


_____              _____
          Judge's Signature                                    Date

2

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Case Name:** United States of America v. **Jeson Nelon Presilla Flores**          **Case No.** ED25CR-0198-KK-6

■ Defendant          ☐ Material Witness

**Violation of Title and Section:** **18:371; 18:659**

☐ Summons    ☐ Out of District    ☐ **UNDER SEAL**    ■ Modified Date: **8/21/2025**

*Check only one of the five numbered boxes below and any appropriate lettered box (unless one bond is to be replaced by another):*

| | | |
|---|---|---|
| 1. ☐ Personal Recognizance *(Signature Only)* | (c). ☒ Affidavit of Surety With Justification *(Form CR-3)* Signed by:<br>$75,000 - Mother (Emma Mireva Flores) | Release Date:<br>☐ Released by:<br>___ / ___<br>*(Judge / Clerk's Initials)* |
| 2. ☐ Unsecured Appearance Bond<br>$ ___ | | ■ Release to U.S. Probation and Pretrial Services ONLY<br>☐ Forthwith Release |
| 3. ☒ Appearance Bond<br>$ 275,000 | ☒ With Full Deeding of Property:<br>█████ Upland, CA | |
| (a). ☐ Cash Deposit *(Amount or %) (Form CR-7)* | | ■ All Conditions of Bond *(Except Clearing-Warrants Condition)* Must be Met and Posted by:<br>9/11/2025 |
| (b). ☒ Affidavit of Surety Without Justification *(Form CR-4)* Signed by:<br>$50,000 - Miriam Cantillano<br>$50,000 - Jason Omar Presilla<br>$100,000 - Maricely Garcia Osorio | 4. ☐ Collateral Bond in the Amount of *(Cash or Negotiable Securities)*:<br>$ ___ | ☐ Third-Party Custody Affidavit *(Form CR-31)* |
| | 5. ☐ Corporate Surety Bond in the Amount of:<br>$ ___ | ■ Bail Fixed by Court:<br>JPR ___ / bm ___<br>*(Judge / Clerk's Initials)* |

## PRECONDITIONS TO RELEASE

☐ The government has requested a <u>Nebbia</u> hearing under 18 U.S.C. § 3142(g)(4).

☐ The Court has ordered a <u>Nebbia</u> hearing under § 3142 (g)(4).

☐ The <u>Nebbia</u> hearing is set for ___ at ___ ☐ a.m. ☐ p.m.

## ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

■ Submit to United States Probation and Pretrial Services supervision as directed by Supervising Agency.

■ Surrender all passports and travel documents to Supervising Agency no later than **release**, sign a Declaration re Passport and Other Travel Documents *(Form CR-37)*, and do not apply for a passport or other travel document during the pendency of this case.

■ Travel is restricted to CD/CA unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel as well as for any domestic travel if the defendant is in a Location Monitoring Program or as otherwise provided for below.

■ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

Defendant's Initials: JF          Date: 7/21/25

**Case Name:** United States of America v. Jeson Nelon Presilla Flores     Case No. ED25CR-0198-KK-6

☑ Defendant  ☐ Material Witness

☑ Maintain or actively seek employment unless excused by Supervising Agency for ~~schooling, training, or other reasons approved by~~ ~~Supervising Agency.~~ Verification to be provided to Supervising Agency.  ☑ Employment to be approved by Supervising Agency.

☑ Avoid all contact, directly or indirectly (including by any electronic means), with any known victim or witness in the subject investigation or prosecution, ☐ including but not limited to _____ _____ ; ☐ except for _____ .

☑ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may have contact with the following codefendants without your counsel present:

_____ .

☒ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☐ Surrender any such item as directed by Supervising Agency by _____ and provide proof to Supervising Agency. ☒ In order to determine compliance, you agree to submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

☐ Do not use or possess any identification, mail matter, access device (including, but not limited to, credit and debit cards), or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency.
  ☐ In order to determine compliance, you agree  submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

☐ Do not engage in telemarketing.

☒ Do not sell, transfer, or give away any asset valued at $ _1,000_____ or more without notifying and obtaining permission from the Court, except _____ .

☐ Do not engage in tax preparation for others.

☒ Do not use alcohol. ☐ Submit to alcohol testing. If directed to do so, participate in outpatient treatment as approved by Supervising Agency. Testing may include any form of prohibited-substance screening or testing. You must pay all or part of the costs for testing based upon your ability to pay as determined by Supervising Agency.

☒ Do not use or possess illegal drugs or state-authorized marijuana. ☒ Submit to drug testing. Testing may include any form of prohibited-substance screening or testing. You must pay all or part of the costs for testing based upon your ability to pay as determined by Supervising Agency. If directed to do so, participate in outpatient treatment as approved by Supervising Agency.
  ☒ In order to determine compliance, you agree to submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

☒ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or any street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

☐ Participate in residential substance abuse treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to Supervising Agency only.**

☐ Participate in mental health treatment, which may include evaluation, counseling, or treatment as directed by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

Defendant's Initials: JF     Date: 8/21/25

**Case Name:** United States of America v. **Jeson Nelon Presilla Flores**   Case No.  ED25CR-0198-KK-6

☑ Defendant    ☐ Material Witness

☑ Participate in the Location Monitoring Program marked below and abide by all of the requirements of the program and any indicated restrictions, under the direction of the Supervising Agency. You must pay all or part of the costs of the program based upon your ability to pay as determined by the Supervising Agency. You are financially responsible for any lost or damaged equipment.

**1. Location Monitoring Restrictions (Select One)**

☐ **Location Monitoring only - no residential restrictions**

☐ **Curfew:** Curfew requires you to remain at home during set time periods. **(Select One)**

   ☐ As directed by Supervising Agency; **or**

   ☐ You are restricted to your residence every day from _____ to _____

☑ **Home Detention:** Home detention requires you to remain at home at all times except for employment, ~~education,~~
*(once a week on Sundays at the discretion of Pretrial Services)*
religious services; medical needs or treatment, attorney visits, court appearances and obligations, ~~essential needs~~, and
_____*N/A*_____, all of which must be preapproved by the Supervising Agency.

☐ **Home Incarceration:** Home Incarceration requires you to be at home 24 hours a day except for medical needs or treatment, attorney visits, court appearances or obligations, and _____, all of which must be preapproved by Supervising Agency.

**2. Location Monitoring Technology (Select One)**

☐ Location Monitoring technology at the discretion of the Supervising Agency. (If checked, skip to 3)

☑ Location Monitoring **with** an ankle monitor (Select one below)

   ☐ at the discretion of the Supervising Agency **or**

   ☐ Radio Frequency (RF) **or**

   ☑ Global Positioning System (GPS)

**or**

☐ Location Monitoring **without** an ankle monitor (Select one below)

   ☐ at the discretion of the Supervising Agency **or**

   ☐ Virtual/Biometric (smartphone required to participate) **or**

   ☐ Voice Recognition (landline required to participate)

**3. Location Monitoring Release Instructions (Select One)**

☑ Release to Supervising Agency only **or** ☐ Enroll in the location monitoring program within 24 hours of release.

☐ You are placed in the third-party custody (*Form CR-31*) of _____.

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within ____ days of release from custody.

Defendant's Initials: _JF_   Date: _8/21/25_

**Case Name:** United States of America v. **Jeson Nelon Presilla Flores**          Case No. ED25CR-0198-KK-6

☐ Defendant          ☐ Material Witness

☐ Other conditions:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform United States Probation and Pretrial Services and my counsel of any change in my contact information, including my residence and telephone number, including cell phone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release. I will inform Supervising Agency of law enforcement contact within 72 hours of being arrested or questioned by a law enforcement officer.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: _JF_   Date: _8/21/25_

Case Name: United States of America v. **Jeson Nelon Presilla Flores**     Case No. ED25CR-0198-KK-6

☑ Defendant    ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

_8/21/25_        _(signature)_        _818___
Date                 Signature of Defendant / Material Witness        Telephone Number

_UPLAND CA_
City and State (**DO NOT INCLUDE ZIP CODE**)

☑ **Check if interpreter is used:** I have interpreted into the _Spanish)_ language this entire form
and have been told by the defendant that he or she understands all of it.

_Cleothia H. Parker_           _8/21/25_
Interpreter's Signature                   Date

Approved: _____        _____
          United States District Judge / Magistrate Judge        Date

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: _JF_   Date: _8/21/25_